**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                                              No. 03-4509

WILLIAM J. TUCK,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(CR-02-469)

Submitted: December 11, 2003

Decided: December 23, 2003

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Robert Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Olivia N. Hawkins, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

William J. Tuck appeals from his conviction following his conditional guilty plea for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). He was sentenced to thirty-seven months in prison. On appeal, Tuck challenges: (1) the district court's denial of his motion to suppress several firearms recovered from his vehicle; and (2) the district court's denial of a reduction in his sentence under *U.S. Sentencing Guidelines Manual* § 2K2.1 (2002). We affirm.

Factual findings underlying a motion to suppress are reviewed for clear error and legal determinations are reviewed de novo. *Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). Guided by these standards, we find no error in the district court's determination that the police officers did not infringe Tuck's Fourth Amendment rights.

Section 2K2.1(b)(2) of the Guidelines provides for a reduction in sentence when the firearms in question are possessed by a disqualified person "solely for lawful sporting purposes or collection." Defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a specified sentencing reduction, and we review the court's determination for clear error. *See United States v. Abdi*, 342 F.3d 313, 317 (4th Cir. 2003). We conclude the district court did not err in denying a § 2K2.1(b)(2) reduction in sentence.

For the foregoing reasons, we affirm Tuck's conviction and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*